UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LARRY CALDERON JR.,<br>a/k/a "Larry O. Jr.,"<br><br>Defendant. | **SEALED INDICTMENT**<br><br>25 Cr.<br><br>25 CRIM 509 |

**COUNT ONE**
**(Racketeering Conspiracy)**

The Grand Jury charges:

THE ENTERPRISE

1. From at least in or about 2024 through at least in or about October 2025, LARRY CALDERON JR., a/k/a "Larry O. Jr.," the defendant, and others known and unknown, were members and associates of the MacBallers (the "Enterprise"), a criminal organization whose members and associates engaged in, among other things, acts involving murder, assault, and the distribution of controlled substances, and who operated in the Bronx, New York, and elsewhere.

2. The MacBallers, including its leaders, members, and associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise. At all times relevant to this Indictment, the Enterprise was engaged in, and its activities affected, interstate and foreign commerce.

3. LARRY CALDERON JR., a/k/a "Larry O. Jr.," the defendant, was a member and associate of the Enterprise who participated in unlawful and other activities in furtherance of the conduct of the Enterprise's affairs.

PURPOSES OF THE ENTERPRISE

4. The purposes of the Enterprise included the following:

a. Preserving and protecting the power of the MacBallers and its members and associates through acts involving murder, other acts of violence, and threats of violence.

b. Enriching the members and associates of the MacBallers through, among other things, the distribution of controlled substances, including oxycodone and marihuana.

c. Promoting and enhancing the MacBallers and the reputation and activities of its members and associates.

MEANS AND METHODS OF THE ENTERPRISE

5. Among the means and methods by which the members and associates of the MacBallers conducted and participated in the conduct of the affairs of the Enterprise were the following:

a. Members and associates of the MacBallers committed, conspired to commit, and attempted to commit acts of violence, including acts involving murder and assault, to protect and expand the Enterprise's criminal operations, and in connection with rivalries with members of other street gangs and individuals adverse to the Enterprise.

b. Members and associates of the MacBallers sold controlled substances, including oxycodone and marihuana.

c. Members and associates of the MacBallers obtained, possessed, and used firearms and ammunition.

THE RACKETEERING CONSPIRACY

6. From in or about 2024 through at least in or about October 2025, in the Southern District of New York and elsewhere, LARRY CALDERON JR., a/k/a "Larry O. Jr.," the defendant, and others known and unknown, being persons employed by and associated with the Enterprise described in Paragraphs 1 through 5 of this Indictment, to wit, the Mac Ballers, knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Enterprise, which was engaged in, and the activities of which affected, interstate and foreign commerce, through a pattern of racketeering activity, as defined in Title 18, United States Code, Section 1961(1) and (5), consisting of:

a. multiple acts involving murder, chargeable under the following provisions of state law: New York Penal Law, Sections 125.25 (murder), 105.15 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting); and

b. multiple offenses involving the distribution of controlled substances, including oxycodone and marihuana, in violation of Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute) and 846 (conspiracy), and Title 18, United States Code, Section 2 (aiding and abetting, and willfully causing).

7. It was a part of the conspiracy that LARRY CALDERON JR., a/k/a "Larry O. Jr.," the defendant, agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

(Title 18, United States Code, Section 1962(d).)

## COUNT TWO
**(Assault with a Dangerous Weapon and Attempted Murder in Aid of Racketeering)**

The Grand Jury further charges:

8. At all times relevant to this Indictment, the MacBallers, as described in paragraphs 1 through 5 of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leaders, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact, which engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

9. At all relevant times to this Indictment, the Enterprise, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely acts involving murder, in violation of New York Penal Law, and offenses involving the distribution of controlled substances, including oxycodone and marihuana, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 846 and Title 18, United States Code, Section 2.

10. On or about May 5, 2025, in the Southern District of New York and elsewhere, LARRY CALDERON JR., a/k/a "Larry O. Jr.," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the MacBallers, and for the purpose of gaining entrance to and maintaining and increasing position in the MacBallers, an enterprise engaged in racketeering activity, as described above, knowingly assaulted an individual with a dangerous weapon and knowingly

attempted to murder an individual, to wit, in the vicinity of 1570 East 174th Street in the Bronx, New York, CALDERON used a firearm to shoot at a group of individuals whom CALDERON believed to be members of a rival gang, in violation of New York Penal Law, Sections 125.25(1), 120.14(1), 110.00, and 20.00.

(Title 18, United States Code, Sections 1959(a)(3) and (5).)

**COUNT THREE**
**(Firearms Use, Carrying, and Possession)**

The Grand Jury further charges:

11. On or about May 5, 2025, in the Southern District of New York and elsewhere, LARRY CALDERON JR., a/k/a "Larry O. Jr.," the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the assault with a dangerous weapon and attempted murder in aid of racketeering charged in Count Two of this Indictment, knowingly used and carried a firearm, and, in furtherance of such crime, possessed a firearm, which was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), and (iii).)

**COUNT FOUR**
**(Assault with a Dangerous Weapon and Assault Resulting in Serious Bodily Injury in Aid of Racketeering)**

The Grand Jury further charges:

12. At all times relevant to this Indictment, the MacBallers, as described in paragraphs 1 through 5 of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leaders, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact, which engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose

members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

13. At all relevant times to this Indictment, the Enterprise, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely acts involving murder, in violation of New York Penal Law, and offenses involving the distribution of controlled substances, including oxycodone and marihuana, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 846 and Title 18, United States Code, Section 2.

14. On or about August 3, 2025, in the Southern District of New York and elsewhere, LARRY CALDERON JR., a/k/a "Larry O. Jr.," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the MacBallers, and for the purpose of gaining entrance to and maintaining and increasing position in the MacBallers, an enterprise engaged in racketeering activity, as described above, knowingly assaulted an individual with a dangerous weapon and knowingly assaulted an individual resulting in serious bodily injury, to wit, in the vicinity of 2 West 125th Street in New York, New York, CALDERON slashed the face of an individual whom CALDERON believed to be a rival gang member, in violation of New York Penal Law, Sections 120.05(1), 120.05(2), 120.14(1), 110.00, and 20.00.

(Title 18, United States Code, Section 1959(a)(3).)

**FORFEITURE ALLEGATIONS**

15. As a result of committing the offense alleged in Count One of this Indictment, LARRY CALDERON JR., a/k/a "Larry O. Jr.," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963, any and all interests the defendant acquired or maintained in violation of Title 18, United States Code, Section 1962; any and all interests in,

securities of, claims against, and property or contractual rights of any kind affording a source of influence over, the enterprise named and described herein which the defendant established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and any and all property constituting and derived from proceeds obtained, directly and indirectly, from the offense alleged in Count One of this Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

16. As a result of committing the offense alleged in Count Three of this Indictment, LARRY CALDERON JR., a/k/a "Larry O. Jr.," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in or used in said offense.

Substitute Assets Provision

17. If any of the above-described forfeitable property, as a result of any act or omission of LARRY CALDERON JR., a/k/a "Larry O. Jr.," the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 1963(m) and 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 924 and 1963;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

[redacted]
FOREPERSON

JAY CLAYTON
United States Attorney